UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XANITOS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:23-cv-02339-DWD |
| | ) |
| AMERICAN HEALTHCARE SYSTEMS ILLINOIS, LLC, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT AMERICAN HEALTHCARE SYSTEMS ILLINOIS, LLC'S
MOTION TO COMPEL ARBITRATION AND SUPPORTING MEMORANDUM**

Defendant American Healthcare Systems Illinois, LLC ("AHS"), by and through its attorneys, and pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 9 U.S.C. § 4 of the Federal Arbitration Act ("FAA") respectfully moves this Court to dismiss (or in the alternative to stay) the above-captioned proceeding and to compel mediation and arbitration according to the terms of the Master Services Agreement upon which Plaintiff Xanitos, Inc. ("Plaintiff" or "Xanitos") bases its claims. In support of its motion, AHS states as follows:

**INTRODUCTION**

This Court should dismiss Plaintiff's claims under *forum non conveniens* and the FAA, or alternatively stay the proceeding and compel arbitration. Plaintiff's claims in this case are based upon a Master Services Agreement (the "Agreement"), a statement of work and an assignment.[1] The face of the Agreement contains a mandatory mediation and arbitration provision, which are established as predicates to any formal lawsuit. The parties clearly intended that they would attempt to resolve matters through ADR prior to running to Court, in the hopes that it would

---

[1] The Agreement contains a confidentiality provision, such that AHS has sought leave to have it filed under seal and only provides the non-sensitive, relevant excerpt within the body of this Motion.

prevent either side from opportunistically escalating matters that could otherwise be reasonably negotiated. Xanitos has instead unilaterally elected to ignore that provision in filing this case, but it should not be excused from performance of that obligation.

## BACKGROUND

Xanitos filed the instant suit on July 5, 2023 (Dkt. 1), and AHS was given an extension of time to file a responsive pleading to August 11, 2023 (Dkt. 11). Plaintiff alleges that it and Quorum Healthcare Corporation ("QHC") entered into the Agreement in 2016, whereby Plaintiff was paid to provide various services incidental to the operation of hospitals. (Dkt. 1 at ¶8.) Plaintiff further alleges that in 2022, it and QHC entered into a statement of work which incorporated the Agreement fully by reference. (*Id.* at ¶¶12-16.) Plaintiff contends that AHS took assignment of the Agreement and statement of work in place of QHC, and that Plaintiff has not been paid in full pursuant to those agreements. (*Id.* at ¶¶17-37.) Plaintiff did not attach any of these documents to its pleading. Plaintiff asserts claims for breach of the Agreement (Count I) and for unjust enrichment on the theory that AHS accepted the benefit of the Agreement without making associated payments (Count II). (*Id.* at ¶¶38-54.)

The Agreement contains a provision at Section 13.5, which expressly requires the parties to mediate and then arbitrate all disputes:

> 13.5 **Mediation and Arbitration**. For any dispute between the Parties relating to this Agreement, they will first try to resolve it through good faith negotiations. If it cannot be resolved by negotiation, *it will be mediated*. Thereafter, *any unresolved dispute shall be placed in non-binding arbitration, or binding arbitration upon agreement of both Parties*.[2] Mediation and arbitration will be in accordance with the then current Commercial Rules of the American Arbitration Association, and

---

[2] The Parties have not yet discussed whether they would agree for such arbitration to be binding, but it does not matter at this stage as the Court should give effect to the Agreement's plain meaning. *See Noe v. Smart Mortg. Centers, Inc.*, No. 21 CV 1668, 2021 WL 4283027, at *5 (N.D. Ill. Sept. 21, 2021) (compelling arbitration while noting "[t]he contract's reference to litigation after arbitration suggests that the parties expected contested proceedings to follow arbitration, perhaps a sign that binding arbitration was not part of the bargain" with the issue of whether the arbitration would be binding or non-binding to be resolved at arbitration).

will take place in the Nashville, Tennessee metropolitan area. The Parties agree to exercise their best efforts to promptly settle such disputes in order to minimize costs.

(Exhibit 1(emphasis added).)  No modification to that term appears in either the statement of work or assignment referenced in the Complaint.

## STANDARD

"[T]he doctrine of *forum non conveniens* is the correct procedural mechanism to enforce an arbitration clause." *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 701 (7th Cir. 2022) (internal citation and quotation omitted).  "A court must enforce an arbitration clause where (1) there is a valid agreement to arbitrate, (2) the claims fall within the scope of the agreement, and (3) the opposing party refused to arbitrate." *Id.* at 702 (citing *Druco Restaurants, Inc. v. Steak N Shake Enterprises, Inc.*, 765 F.3d 776, 781 (7th Cir. 2014)).

In addition, "the FAA sweeps broadly" in requiring the arbitration of disputes pursuant to such agreements.  *Wallace v. Grubhub Holdings, Inc.*, 970 F.3d 798, 799 (7th Cir. 2020).  The Seventh Circuit in *Smith v. Bd. of Directors of Triad Mfg., Inc.*, explained;

> Under the Federal Arbitration Act, "a written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, . . . shall be valid, irrevocable, and enforceable," except for "such grounds as exist at law or in equity for the revocation of any contract."  The FAA allows a party to an arbitration agreement to petition a federal district court "for an order directing that such arbitration proceed in the manner provided for in such agreement."  And "whether enforcing an agreement to arbitrate or construing an arbitration clause, courts and arbitrators must give effect to the contractual rights and expectations of the parties."  Put differently, [courts] must "enforce arbitration agreements according to their terms."  The FAA, as the [Seventh Circuit] said recently, "establishes a liberal federal policy favoring arbitration agreements."

13 F.4th 613, 619–20 (7th Cir. 2021) (internal quotations and citations omitted).

## ARGUMENT

In this case, it is clear that the Parties are bound by a mandatory arbitration provision in connection with this dispute. All three of the requirements to compel arbitration are met.[3]

First, the claims themselves are predicated upon a valid agreement to arbitrate. The plain language of the Agreement (and therefore by incorporation the statement of work) reflects that the parties "*will*" mediate any dispute they cannot resolve through negotiation, and thereafter any lingering "unresolved dispute *shall* be placed in non-binding arbitration, or binding arbitration upon agreement of both Parties." (Exhibit 1 (emphasis added).) Furthermore, Plaintiff's claim for breach of the Agreement necessarily assumes the Agreement is valid, enforceable, and binding on all parties. The fact that AHS is a party to the Agreement only due to an assignment does not matter. *See, e.g.*, *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 563 (7th Cir. 2021) (calling the position that an assignee of a contract with an arbitration provision is unable to enforce the mandatory arbitration clause "flatly inconsistent with Illinois law"); *see also Harris v. Midtown Ctr. for Health & Rehab., LLC*, No. 219CV02397JTFJAY, 2021 WL 2910665, at *3 (W.D. Tenn. Mar. 19, 2021) (finding an arbitration provision survived assignment of contract under Tennessee law).[4]

Nothing in the Complaint supplies any reason to doubt the enforceability of the Agreement and its arbitration provision. *See Grasty v. Colorado Tech. Univ.*, 599 F. App'x 596, 598 (7th Cir. 2015) (enforcing arbitration provision where plaintiff "conceded, both in her complaint and in her response to the university's motion to dismiss, that she had executed the agreement, and she is

---

[3] The fact that the relevant provision also requires mediation as part of the process does not change the result. The scope of the FAA encompasses provisions "to settle by arbitration a controversy," which is exactly what a mediation is. 9 U.S.C. § 2; *see also Cecala v. Moore*, 982 F. Supp. 609, 611 (N.D. Ill. 1997) (compelling performance of mediation clause under FAA and Illinois Uniform Arbitration Act).

[4] The Agreement contains a choice of law provision calling for the application of Tennessee law.

bound by that concession"); *see also Teamsters Loc. 20 v. Johns Manville Corp.*, No. 22-3897, 2023 WL 3868637, at *2 (6th Cir. June 7, 2023) ("it bears noting that the existence of an arbitration clause creates a presumption of arbitrability") (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)).

Second, both of Plaintiff's claims fall into the broad scope of the Agreement's arbitration provision. Specifically, it concerns "*any dispute* relating to [the] Agreement." (Exhibit 1 (emphasis added).) As explained *supra*, the entire basis of Count I is the purported breach of the Agreement by AHS.

Meanwhile, Count II asserts an entitlement to an equitable remedy because AHS received the benefits of the Agreement without also paying out according to its terms. Both of these claims, alone or together, amount to a "dispute relating to the Agreement." *See, e.g.*, *Livingston v. Jay Livingston Music, Inc.*, No. 3:21-CV-00780, 2023 WL 4471705, at *5 (M.D. Tenn. July 11, 2023) (finding that even tort claims are arbitrable with similarly broad language); *see also United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 203 (6th Cir. 2022) (finding union grievance bearing on interpretation of agreement was subject to its arbitration provision); *see also Wallace*, 970 F.3d at 799 (FLSA claims by delivery drivers fell into ambit of "any and all claims" language); *see also Faes & Co. (London) Ltd. v. Blockware Sols., LLC*, No. 22 CV 7121, 2023 WL 3737801, at *5 (N.D. Ill. May 31, 2023) ("The arbitration clause here is comprehensive: 'any and all disputes concerning this Agreement' will be submitted to arbitration.").

Moreover, because of the FAA's strong preference in favor of arbitration, "[n]o matter what state law says, for example, 'ambiguities about the scope of an arbitration agreement must be resolved in favor of arbitration.'" *Sanchez v. Alexandra Lozano Immigr. L. PLLC*, No. 23 C 1028, 2023 WL 4625780, at *3 (N.D. Ill. July 19, 2023).

Third, it is self-evident that Plaintiff has refused to arbitrate. Plaintiff filed this case in United States District Court in the first instance. Plaintiff did not seek to arbitrate this dispute in advance, and it does not claim to have done so anywhere in its Complaint.

## CONCLUSION

Accordingly, the Court should dismiss both of Plaintiff's claims in their entirety and compel mediation and arbitration pursuant to Rule 12(b)(4) and the FAA. Alternatively, if the Court is not inclined to dismiss the action, it should nevertheless compel mediation and arbitration according to the terms of the Agreement and stay this proceeding pending the outcome of such ADR efforts.

WHEREFORE, American Healthcare Systems, Illinois LLC, prays that this Court enter an order 1) compelling mediation and arbitration according to the terms of the Master Services Agreement; 2) dismissing this case in its entirety, or alternatively staying this proceeding pending the outcome of such mediation and arbitration; and 3) granting any and all such other relief as this Court deems proper and just.

Respectfully submitted,

CARMODY MacDONALD P.C.

By:   */s/ David P. Stoeberl*
David P. Stoeberl, # 6301953 (IL)
Thomas H. Riske  # 6301953 (IL)
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600 Telephone
(314) 854-8660 Facsimile
dps@carmodymacdonald.com
thr@carmodymacdonald.com

Attorneys for Defendant American Healthcare Systems Illinois, LLC

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing on this 10th day of August, 2023, upon all counsel of record.

                                                      */s/ David P. Stoeberl*