IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XANITOS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-2339-DWD |
| | ) |
| AMERICAN HEALTHCARE SYSTEMS ILLINOIS, LLC, | ) ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant's Motion to Compel Arbitration and Supporting Memorandum ("Motion"). (Doc. 24). Plaintiff filed a Response in Opposition to the Motion. (Doc. 31). Consistent with this Memorandum & Order, the Motion is **GRANTED**.

### I. BACKGROUND

On April 14, 2015, Plaintiff and CHSPSC, LLC, entered a Master Service Agreement for Plaintiff "to provide environmental services, linen distribution, and patient transportation services" to the latter entity's hospitals. (Doc. 1, pg. 2). Thereafter, CHSPSC, LLC, announced a plan to create a new publicly traded hospital company, Quorum Healthcare Corporation. (Doc. 1, pg. 2). CHSPSC, LLC, was successful in that endeavor, as Plaintiff entered a Master Service Agreement for the same services with Quorum Healthcare Corporation on February 25, 2016. (Doc. 1, pg. 2).

On March 1, 2023, Defendant purchased Quorum Healthcare Corporation. (Doc. 1, pg. 4). Those parties entered an Assignment and Assumption agreement on that same

date. (Doc. 1, pg. 4). Therefore, Defendant took over for Quorum Healthcare Corporation as a party to, *inter alia*, the 2016 Master Service Agreement. (Doc. 1, pg. 4).

After March 10, 2023, Defendant allegedly fell out of compliance with its assumed obligations. (Doc. 1, pg. 4). As of June 30, 2023, Defendant allegedly owed $568,438.29, plus $17,816.20 in interest, for services rendered by Plaintiff. (Doc. 1, pg. 5). As of July 5, 2023, "Defendant ha[d] not made efforts to become current on the past due invoices" aside from a single $30,000 payment. (Doc. 1, pg. 5). As such, Plaintiff filed a Complaint, alleging a breach of the 2016 Master Service Agreement (Count I) and unjust enrichment from the failure to pay for services rendered by Plaintiff (Count II). (Doc. 1, pgs. 6-8).

## II. ANALYSIS

Now, Defendant asks the Court to dismiss or stay the case and "compel mediation and arbitration according to the terms of the [2016] Master Service Agreement." (Doc. 24, pgs. 1, 6). Defendant argues the 2016 Master Service Agreement "contains a mandatory mediation and arbitration provision" that must be enforced for three reasons. (Doc. 24, pg. 1). First, Defendant argues the mandatory mediation and arbitration provision is valid. (Doc. 24, pgs. 3-4). Defendant notes Plaintiff's claims assume the entire 2016 Master Service Agreement is valid and enforceable. (Doc. 24, pg. 4). Second, Defendant argues Plaintiff's claims are within the scope of the mandatory mediation and arbitration provision. (Doc. 24, pg. 5). Third, Defendant argues Plaintiff refused to proceed under the mandatory mediation and arbitration provision before filing this lawsuit. (Doc. 24, pg. 6).

In Response, Plaintiff suggests there is no actual dispute between the parties, as "Defendant has not disputed the amount owed to Plaintiff under the MSA." (Doc. 31,

pgs. 1-3). Plaintiff states Defendant has merely asked for more time to pay its outstanding balance. (Doc. 31, pg. 2). Plaintiff admits, though, it "believe[d] this matter was already resolved and…reached out to Defense counsel to try [to] re-engage in resolving this matter." (Doc. 31, pg. 2). Plaintiff alleges specific unsuccessful attempts of the parties to resolve this matter out of court. (Doc. 31, pgs. 4-5). Plaintiff also suggests the Motion is moot or premature, as the Court already ordered a mediation of the case. (Doc. 31, pg. 5).

Now, the *forum non conveniens* doctrine "is the correct 'procedural mechanism to enforce [an]…arbitration clause.' " *Rock Hemp Corp. v. Dunn*, 51 F.4th 693, 701 (7th Cir. 2022) (quoting *Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555, 560 (7th Cir. 2021)). Notably, the *forum non conveniens* doctrine is procedural, rather than substantive, so the Court applies federal law. *See Wragge v. Boeing Co.*, No. 20-cv-4457, 2022 WL 4119777, *3 (N.D. Ill. Sept. 9, 2022) (agreeing federal law, not state law, governs the *forum non conveniens* inquiry, where federal courts are directed to follow federal rules of procedure under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), the *forum non conveniens* doctrine is procedural and does not implicate state-created rules of decision, the majority of courts addressing the issue have found federal law applies, and recent Seventh Circuit cases have applied federal precedent).[1] The Court enforces an arbitration clause when there is a valid agreement to arbitrate, the claims fall within the scope of the agreement, and the opposing party has refused to arbitrate. *Rock Hemp Corp.*, 51 F.4th at 702 (citing *Druco Restaurants, Inc. v. Steak N Shake Enterprises, Inc.*, 765 F.3d 776, 781 (7th Cir. 2014)).

---

[1]The Court notes, however, it would reach the same resolution of the instant Motion under the authority cited by Plaintiff from the State of Tennessee. (Doc. 31, pg. 3).

3

Relevantly, the 2016 Master Service Agreement provides as follows:

13.4   <u>Governing Law</u>. This Agreement shall be construed and governed in accordance with the laws of the State of Tennessee without regard to its choice of law provisions.

13.5   <u>Mediation and Arbitration</u>. For any dispute between the Parties relating to this Agreement, they will first try to resolve it through good faith negotiations. If it cannot be resolved by negotiation, it will be mediated. Thereafter, any unresolved dispute shall be placed in non-binding arbitration, or binding arbitration upon agreement of both Parties. Mediation and arbitration will be in accordance with the then current Commercial Rules of the American Arbitration Association, and will take place in the Nashville, Tennessee metropolitan area. The Parties agree to exercise their best efforts to promptly settle such disputes in order to minimize costs.

(Sealed Doc. 29, pg. 14).

Here, Plaintiff does not argue the mandatory mediation and arbitration provision, or any other provision of the 2016 Master Service Agreement, is invalid. *See Rock Hemp Corp.*, 51 F.4th at 702. Plaintiff is refusing to proceed under the mandatory mediation and arbitration provision due to the tenuous argument that there is not actually a dispute between the parties. Clearly, based on the filing of this lawsuit, the claims alleged, and the suggestion that the parties have attempted to resolve the matter outside of court, a dispute exists. And, notably, under the plain language of the mandatory mediation and arbitration provision, Plaintiff faces a tall task when arguing to the contrary. In short, the type or degree of dispute is inconsequential. The provision applies to "*any* dispute…*relating to* this Agreement." (Sealed Doc. 29, pg. 14). Even assuming "Defendant has not disputed the amount owed to Plaintiff," as Plaintiff suggests, the Court finds Defendant's alleged refusal to pay the amount owed in a manner required or requested

by Plaintiff in even informal discussions satisfies that language and requires the Court to enforce the mandatory mediation and arbitration provision under *Rock Hemp Corporation*.

Further, the Court notes the parties participated, but were unsuccessful, in a Court-ordered mediation. (Docs. 23 & 37). That mediation was ordered, as it is in all nonexempt cases, under the Court's Mandatory Mediation Plan. (Doc. 23). As such, the case would have been referred to mediation notwithstanding the 2016 Master Service Agreement's contemplation of both mediation *and* arbitration. It is unclear, though, whether the parties proceeded "in accordance with the then current Commercial Rules of the American Arbitration Association," as required by the mandatory mediation and arbitration provision. But, contrary to Plaintiff's argument, the unsuccessful mediation also evinces an ongoing dispute of the parties under the 2016 Master Service Agreement.

It is also noteworthy that the 2016 Master Service Agreement, in providing for *non-binding* arbitration, suggests it is possible that this case will not be resolved if one party rejects the arbitration award. Given that possibility, the Court finds a dismissal is not an appropriate measure at this juncture.

For these reasons, the Court **GRANTS** the Motion and **STAYS** the entire case. The parties are **DIRECTED** to fully comply with the 2016 Master Service Agreement's mandatory mediation and arbitration provision. Within 90 days of the date of this Memorandum & Order, the parties are **DIRECTED** to file a Joint Status Report, updating the Court on the status of their efforts and whether the Court should extend the stay.

### III.  CONCLUSION

For the reasons explained above, the Motion is **GRANTED** and the entire case is

5

**STAYED**. A Joint Status Report of the parties is due within 90 days of this date.

    **SO ORDERED.**

Dated: February 20, 2024

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge