UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XANITOS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:23-CV-02339-DWD |
| ) | |
| AMERICAN HEALTHCARE SYSTEMS ) | |
| ILLINOIS, LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT AMERICAN HEALTHCARE SYSTEMS ILLINOIS LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant American Healthcare Systems Illinois, LLC ("AHS"), by and through its attorneys, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, submits its Answer and Affirmative Defenses to Plaintiff Xanitos, Inc.'s ("Plaintiff") Complaint ("Complaint"). In support of thereof, AHS states as follows:

**ANSWER**

**Nature of the Action**[1]

1.  AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 1, and on that basis denies.

**Parties**

2.  AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 2, and on that basis denies.

3.  AHS admits the allegations of Paragraph 3.

4.  AHS admits the allegations of Paragraph 4.

---

[1] For convenience AHS has recreated the subheadings set forth in the Complaint. This is not intended nor should it be interpreted as an admission or denial of any allegation of the Complaint, nor a waiver of any claim, counterclaim, defense, or avoidance.

5. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies.

**The Master Services Agreement**

6. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 6, and on that basis denies.

7. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies.

8. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies.

9. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies.

10. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies.

11. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 11, and on that basis denies.

12. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 12, and on that basis denies.

13. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 13, and on that basis denies.

14. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 14, and on that basis denies.

15. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 15, and on that basis denies.

16. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 16, and on that basis denies.

### The Assignment

17. AHS states that the allegations of Paragraph 17 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 17, and on that basis denies.

18. AHS states that the allegations of Paragraph 18 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 18, and on that basis denies.

19. AHS states that the allegations of Paragraph 19 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 19, and on that basis denies.

20. AHS states that the allegations of Paragraph 20 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 20, and on that basis denies.

21. AHS states that the allegations of Paragraph 21 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 21, and on that basis denies.

22. AHS states that the allegations of Paragraph 22 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 22, and on that basis denies.

23. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 23, and on that basis denies.

24. AHS admits that Plaintiff sent a letter to Brian Cotter, dated June 8, 2023. Responding further, AHS states the letter is a written document which speaks for itself, and AHS denies any allegation of Paragraph 24 which is inconsistent with the face of the document.

25. AHS admits that Plaintiff sent a letter to Brian Cotter, dated June 8, 2023. Responding further, AHS states the letter is a written document which speaks for itself, and AHS denies any allegation of Paragraph 25 which is inconsistent with the face of the document.

26. AHS admits that Plaintiff sent a letter to Brian Cotter, dated June 8, 2023. Responding further, AHS states the letter is a written document which speaks for itself, and AHS denies any allegation of Paragraph 26 which is inconsistent with the face of the document.

27. AHS admits that Plaintiff sent a letter to Brian Cotter, dated June 8, 2023. Responding further, AHS states the letter is a written document which speaks for itself, and AHS denies any allegation of Paragraph 27 which is inconsistent with the face of the document.

28. AHS states that the allegations of Paragraph 28 are vague and ambiguous with respect to the payments Plaintiff purports to have made, to whom, or in connection with what "invoices." As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 28, and on that basis denies.

29. AHS admits that Plaintiff sent an e-mail to Brian Cotter, dated June 24, 2023. Responding further, AHS states the e-mail is a written document which speaks for itself, and AHS denies any allegation of Paragraph 29 which is inconsistent with the face of the document.

30. AHS admits that Plaintiff sent an e-mail to Brian Cotter, dated June 24, 2023. Responding further, AHS states the e-mail is a written document which speaks for itself, and AHS denies any allegation of Paragraph 30 which is inconsistent with the face of the document.

31. AHS denies the allegations of Paragraph 31.

32. AHS denies the allegations of Paragraph 32.

33. AHS denies the allegations of Paragraph 33.

34. AHS denies the allegations of Paragraph 34.

35. AHS denies the allegations of Paragraph 35.

36. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 36, and on that basis denies.

37. AHS denies the allegations of Paragraph 37.

## **Count I – Breach of the Master Services Agreement**

38. AHS incorporates its responses to Paragraphs 1-37 above by this reference as if set forth fully herein.

39. AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 39, and on that basis denies.

40. AHS denies that it is in breach of any agreement. Responding further, AHS states that the allegations of Paragraph 40 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the remaining allegations of Paragraph 40, and on that basis denies.

41. AHS denies that it is in breach of any agreement. Responding further, AHS states that the allegations of Paragraph 41 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 41, and on that basis denies.

42. AHS denies that it is in breach of any agreement. Responding further, AHS states that the allegations of Paragraph 42 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 42, and on that basis denies.

43. AHS denies that it is in breach of any agreement, or that Plaintiff has suffered any "damages" as a result of any act or omission by AHS. Responding further, AHS states that the allegations of Paragraph 43 are vague and ambiguous as to precisely what legal entity the phrase

"American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 43, and on that basis denies.

      44.     AHS denies the allegations of Paragraph 44.

      45.     AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 45, and on that basis denies.

      46.     AHS denies that it is in breach of any agreement. Responding further, AHS states that the allegations of Paragraph 46 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 46, and on that basis denies.

      47.     AHS states that the allegations of Paragraph 47 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer. As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 47, and on that basis denies.

      48.     AHS denies the allegations of Paragraph 48. Responding further to Plaintiff's prayer for relief, AHS denies that Plaintiff is entitled to any recovery or relief whatsoever from AHS.

      WHEREFORE, AHS respectfully requests that the Court enter judgment in AHS's favor on Count I of Plaintiff's Complaint and award AHS attorney's fees and costs, and all other relief the Court deems fair and just.

**Count II – Unjust Enrichment against Defendant**

49.     AHS incorporates its responses to Paragraphs 1-48 above by this reference as if set forth fully herein.

50.     AHS denies that it benefitted from services rendered by Plaintiff.  Responding further, AHS states that the allegations of Paragraph 50 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer.  As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 50, and on that basis denies.

51.     AHS denies that it "received" any "benefits" as a result of "services rendered" by Plaintiff, and concordantly denies that it "knows and appreciates" such non-existent "benefits." Responding further, AHS states that the allegations of Paragraph 51 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer.  As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 51, and on that basis denies.

52.     AHS denies that it "accepted" any "benefit" or that it was under any legal or equitable obligation to "pay for those services rendered."  Responding further, AHS states that the allegations of Paragraph 52 are vague and ambiguous as to precisely what legal entity the phrase "American Healthcare Systems" abbreviated "American Healthcare" is intended to refer.  As a result, AHS is without knowledge or information sufficient upon which to form a belief as to the truth of the allegations of Paragraph 52, and on that basis denies.

53.     AHS denies the allegations of Paragraph 53.

54. AHS denies the allegations of Paragraph 54. Responding further to Plaintiff's prayer for relief, AHS denies that Plaintiff is entitled to any recovery or relief whatsoever from AHS.

WHEREFORE, AHS respectfully requests that the Court enter judgment in AHS's favor on Count II of Plaintiff's Complaint and award AHS attorney's fees and costs, and all other relief the Court deems fair and just.

## **AFFIRMATIVE DEFENSES**

Further answering and/or by way of affirmative defense, AHS states as follows, including defenses permitted under Federal Rule of Civil Procedure 12(b)(6), and in so doing does not undertake any burden of proof properly on Plaintiff. AHS reserves, without waiver, all rights, including the right to assert additional defenses that may be revealed or become applicable during further investigation and discovery in this action.

1. All allegations not expressly admitted above are hereby denied.

2. Plaintiff has failed to state a claim for which relief can be granted.

3. Any alleged loss or damages Plaintiff claims to have suffered were caused, either in whole or in part, by Plaintiff's own acts, omissions and conduct, which conduct serves to bar or reduce Plaintiff's claims, in whole or in part.

4. Plaintiff's claim for breach of contract is barred because Plaintiff was the first to materially breach the agreement it seeks to enforce.

5. Plaintiff's equitable claim is barred because it has an adequate remedy at law for breach of contract.

6. Plaintiff lacks standing to enforce any alleged agreement between AHS and Quorum Healthcare Corporation.

7. Plaintiff's damages are limited in whole or in part by Plaintiff's failure to take reasonable steps to mitigate them.

8. The liquidated damages provision which Plaintiff asserts is unenforceable as a matter of law because it is punitive.

9. AHS reserves the right to assert other affirmative defenses as may become available or apparent during the course of discovery and reserve the right to amend this Answer to assert those defenses.

WHEREFORE, having fully answered the Complaint, Defendant American Healthcare Systems Illinois, LLC, requests the Court to enter judgment in its favor and against Plaintiff Xanitos, Inc., award it its attorney's fees and costs in connection with defending against Plaintiff Xanitos, Inc.'s claim, and grant it all other relief the Court deems fair and just.

Respectfully submitted,

CARMODY MACDONALD PC

By:   */s/ Thomas H. Riske*
David P. Stoeberl, # 6301953 (IL)
Thomas H. Riske # 6301953 (IL)
120 South Central Avenue, Suite 1800
St. Louis, Missouri 63105
(314) 854-8600 Telephone
(314) 854-8660 Facsimile
dps@carmodymacdonald.com
thr@carmodymacdonald.com

*Attorney for American Healthcare Systems Illinois, LLC*

## **CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing on this 1st day of November, 2024, upon all counsel of record.

                                            */s/ Thomas H. Riske*