| | |
|---|---|
| **From:** | Killian Walsh |
| **Sent:** | Monday, December 23, 2024 11:48 AM |
| **To:** | Thomas H. Riske |
| **Cc:** | Jon B. Morrow |
| **Subject:** | Xanitos |
| **Attachments:** | Settlement Agreement - Xanitos.docx |

Tom,

See attached proposed release. Let me know if you have any proposed revisions.

Killian



Killian Walsh
Senior Attorney
319 North 4th Street Suite #300, St. Louis, Missouri 63102
walsh@knightnicastro.com
P: (314) 931-0350   F: 816-396-6233

Boulder · Denver · Billings · Kansas City · Chicago · St. Louis · Peoria · Missoula

   

**EXHIBIT B**

**Settlement Agreement**

This Settlement Agreement is entered into by and between Xanitos Inc. ("Xanitos") and American Healthcare Systems Illinois LLC, ("AHS") (hereinafter collectively the "Parties.")

WHEREAS, on March 15, 2016, Xanitos and QHC entered into a Master Service Agreement wherein Xanitos was to provide environmental services, linen distribution, and patient transportation services at QHC hospitals in exchange for payment from QHS.

WHEREAS, on February 21, 2022, a Statement of Work was entered into ("2022 Statement of Work") which pertained to one specific location, Granite City Illinois Hospital Company, LLC d/b/a Gateway Regional Medical Center ("Gateway.")

WHEREAS, on March 1, 2023, American Healthcare Systems ("American Healthcare") purchased QHC. As part of this purchase, American Healthcare acquired Gateway.

WHEREAS, on March 1, 2023, QHC entered into an Assignment and Assumption Agreement (hereinafter "Assignment") with American Healthcare. As part of the Assignment, American Healthcare took over for QHC as a party to the 2016 MSA.

WHEREAS, beginning on March 9, 2023, AHS failed to pay for the services outlined in the Statement of Work, thereby breaching both the Statement of Work and Master Service Agreement.

WHEREAS, in response, on June 8, 2023, Xanitos validly invoked Section 4.5 of the Master Service Agreement and provided AHS with 14 days' notice to cure its breach.

WHEREAS, as of the date of this Agreement, AHS's breach has not been cured.

WHERAS, solely to avoid the expense and uncertainty of further litigation, and without any admission of liability by anyone, the Parties wish to compromise, settle and forever resolve all claims, disputes, judgments and causes of action that have been made or that could be made by any Party in connection or arising out of the 2022 Statement of Work, as follows:

**1.0** **Scope of Agreement.**

1.1 **Parties.** This Agreement is made between Xanitos Inc. ("Xanitos") and American Healthcare Systems Illinois LLC, ("AHS") (hereinafter collectively the "Parties.")

1.2 **Premises.** This Agreement shall pertain to Granite City Illinois Hospital Company, LLC d/b/a Gateway Regional Medical Center ("Premises") pursuant to the Statement of Work dated February 21, 2022 ("2022 Statement of Work.") This Statement of Work incorporates by reference the February 25, 2016 Master Service Agreement for Environmental Services ("Master Service Agreement.")

1.4 **Release.** In exchange for the total amount of $650,000.00, the terms for which are further outlined in Section 2.0, Xanitos agrees to Release AHS from any claims that have arisen or may in the future arise out of the Master Service Agreement or the 2022 Statement of Work. Xanitos acknowledges that this Agreement shall be a complete and full satisfaction of all its claims against AHS arising out of the Master Service Agreement or 2022 Statement of Work.

For the avoidance of doubt, if this agreement is terminated pursuant to Section 3.1, notwithstanding any partial payment of the amount set forth above (which Xanitos shall have no obligation to return), this release shall be null and void.

**2.0** **Payment Terms.**

2.1 A payment in the amount of $450,000.00 shall be made by close of business on December 31, 2024.

2.2 The Parties agree that if the payment outlined in section 2.1 is not made by close of business on December 31, 2024, then this agreement is null and void and the Parties agree that Xanitos may seek to collect a judgment in the amount of $804,996.90, the full amount owed pursuant to the Opinion of Arbitrator dated August 6, 2024, plus interest.

2.3 Additional payments shall be made pursuant to the following schedule:
   - A payment in the amount of $50,000.00 shall be made by close of business on January 31, 2025;
   - A payment in the amount of $50,000.00 shall be made by close of business on February 28, 2025;
   - A payment in the amount of $50,000.00 shall be made by close of business on March 31, 2025;
   - A payment in the amount of $50,000.00 shall be made by close of business on April 30, 2025.

2.4 Payments shall be made via same day ACH or wire transfer to a bank account designated in writing by Xanitos.

2.5 The Parties agree that if the payments outlined in section 2.3 are not made according to their respective deadlines, then this agreement is null and void and the Parties agree that Xanitos may seek to collect a judgment in the amount of $804,996.90, the full amount owed pursuant to the Opinion of Arbitrator dated August 6, 2024, plus interest at the rate of 1.5% per month accruing from the August 6, 2024, and attorney's fees and costs incurred in order to enforce a judgment and collect amounts owing to Xanitos..

2.5 Xanitos agrees to waive additional interest not expressly outlined herein.

**3.0** **Breach.**

3.1 **Termination Upon Breach.** The Parties agree that if AHS fails to make any payment on time or notifies Xanitos (constructively or actually) that it expects not to timely make a future payment, this Agreement will be automatically terminated, effective immediately and Xanitos may seek immediate judgment against AHS for the full amount of $804,996.90, the amount owed pursuant to the Opinion of Arbitrator authored by Gayle Malone, dated August 6, 2024, plus interest at the rate of 1.5% per month accruing from the date of August 6, 2024, and attorney's fees and costs incurred in order to enforce a judgment and collect amounts owing to Xanitos.

3.2 **Reservation of Right to Judgment.** In the event of any breach of this Agreement, Xanitos reserves its right to seek the full amount of any amount it could receive under the Master

        Service Agreement, including the amount owed pursuant to the Opinion of Arbitrator, dated August 6, 2024, plus interest.

3.3    **Waiver of Contest.** AHS expressly waives its right to contest any of the terms outlined in the Master Service Agreement in the event of any breach of this Agreement.

3.4    **Consent Judgment.** In the event of any breach, the Parties agree to a consent judgment in the full amount owed pursuant to the Opinion of Arbitrator, dated August 6, 2024, plus interest at the rate of 1.5% per month accruing from the date August 6, 2024, and attorney's fees and costs incurred.

**4.0    General Terms.**

4.1    **Expenses.** The Parties are to bear their own costs and expenses in connection with this Agreement and any ensuing lawsuit. Except as set forth in this Agreement no amounts are owing by one party to the Agreement to the other party hereto.

4.2    **Complete Agreement.** This Agreement contains the entire agreement between the Parties with regard to the subject matter of this Agreement and shall be binding upon and inure to the benefit of the Parties hereto, jointly and severally, and the executors, administrators, personal representatives, heirs and successors of each, and if required, including without limitation, any successor guardian or conservator of a person or an estate. The terms of his Agreement may not be modified, amended, altered, or supplemented except by the mutual written agreement of the Parties.

4.3    **Construction.** The terms of this Release have been negotiated by counsel for the Parties and the language in this Release shall not be construed in favor of or against anyone.

4.4    **Authority.** The Parties represent and warrant that they and/or those signing on behalf of a Party have the full right, power, and authority to enter into and deliver this Agreement and that each individual signing this Agreement on behalf of the Party is fully authorized to do so. Each Party hereby covenants and represents that it has taken all necessary corporate and internal actions to duly approve the making and performance of this Agreement and no further corporate or other internal approval is necessary.

4.5    **Severability.** If any provision or portion of any provision of this Agreement is declared void and unenforceable by any court having such competent jurisdiction, then such provision or such portion of such provision shall be considered separate and apart from the remainder of this Agreement, which shall remain in full force and effect and be interpreted so as to reasonably accomplish the intent of the Parties, unless the provisions rendered void and unenforceable result in the failure of the essential purpose of this Agreement.

**5.0    Jurisdiction**

        The Parties agree that this Agreement will be governed and interpreted in accordance with the laws of the State of Illinois.

By signing below, the signatory declares that they have read this Release carefully, consulted attorneys as desired, fully understand the terms and conditions of this Release, and voluntarily and knowingly enter into this Release without duress or coercion.

The undersigned further represents and covenants that they are of lawful age and legally competent to execute this Release and that before signing and sealing this Release, have fully informed themself of its contents and meaning, and have executed it with full knowledge thereof.

IN WITNESS WHEREOF, the Parties hereto have duly executed this Release.

_____  _____
Xanitos, Inc.  American Healthcare Systems
 Illinois, LLC

Date: _____  Date: _____