UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| XANITOS, INC. | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:23-CV-02339-DWD |
| | ) |
| AMERICAN HEALTHCARE SYSTEMS | ) |
| ILLINOIS, LLC | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT**

COMES NOW Defendant American Healthcare Systems Illinois, LLC ("AHS") by and through its undersigned counsel, hereby requests that this Court grant it an extension of time pursuant to Fed. R. Civ. P. 6(b)(1) for AHS to respond to Plaintiff Xanitos, Inc.'s ("Xanitos") Motion to Enforce Settlement ("Motion"), and in support thereof states as follows:

1. Good cause exists for this Court to grant a reasonable extension of thirty (30) days for AHS to respond to the Motion, because counsel for AHS has been unable to communicate with AHS and the individuals at AHS involved with providing that response (and also in performing any alleged settlement obligations). It is the understanding of counsel for AHS that those individuals live in Los Angeles and were personally affected by the massive fires that took place there recently.[1] AHS itself has also had its business affected by the same fires, which has impacted its ability to communicate effectively with its counsel on this matter.[2]

2. On January 17, 2025, Xanitos filed the Motion asking the Court to enforce a purported settlement among the Parties. Dkt. 58.

---

[1] https://www.reuters.com/business/environment/hollywood-hills-burn-la-engulfed-by-the-big-one-2025-01-09/
[2] AHS owns and manages hospitals.

3.      Though AHS does not dispute that the parties made significant progress towards a settlement, AHS contends that the Parties never arrived at a mutually agreeable settlement agreement and release.  Plaintiff therefore intends to file a response to the Motion explaining its position.

4.      Pursuant to Local Rule 7.1(b)(2), the deadline for AHS to submit that response brief is January 31, 2025.

5.      Counsel for AHS has been working diligently to engage in meaningful discussions with its client regarding the alleged settlement from prior to the date Xanitos claims the first payment came due, through the filing of the Motion and indeed even as of the date of this filing seeking additional time.

6.      Unfortunately, counsel for AHS has not been able to discuss these matters with the relevant individuals at AHS during that time.  The only information counsel for AHS has received from AHS in that period has been from AHS's in-house counsel advising that AHS's business was affected by the Los Angeles fires, including the destruction of the individual residences of certain of its officers and employees necessary to provide a response.

7.      Due to this inability to communicate with AHS, counsel for AHS is unable to provide the Court with a substantive response to the Motion at this time.

8.      Therefore, AHS requests that this Court provide a thirty (30) day extension of time to file any response or opposition to the Motion.

9.      Fed. R. Civ. P. 6(b)(1) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. . ."

10. This motion has been filed "before the original time" has expired, and good cause exists for the extension of time.

11. The requested extension of time will allow this Court to resolve the Motion on the merits with the benefit of full briefing, and it has the additional benefit of allowing the Parties to potentially arrive at a resolution in the meantime that may moot the relief sought in the Motion.

12. AHS does not seek this extension for the purpose of delaying resolution or any other improper purpose. The fires in Los Angeles were a shocking and substantial disruption to the ability of counsel to communicate effectively with AHS about this potentially case-dispositive matter.

13. Weighing the prejudice to the Parties also counsels in favor of granting the extension of time. Because the Motion asks the Court to require combined payments of $650,000 from AHS to Xanitos, AHS would be greatly prejudiced by being unable to submit a response to the Motion or being forced to submit one without effectively communicating with its counsel.

14. At the same time, Xanitos will not suffer any prejudice by granting the short extension of time to allow this matter to be resolved with full briefing.

WHEREFORE, Defendant American Healthcare Systems Illinois, LLC respectfully asks the Court to extend its deadline to file any opposition to the Motion to Enforce Settlement (Dkt. 58) to March 3, 2025, and for such other relief as the Court deems proper and just.

Dated: January 31, 2025

                                                Respectfully submitted,

                                                CARMODY MACDONALD PC

                                                By:    */s/ Thomas H. Riske*
                                                          David P. Stoeberl, # 6301953 (IL)
                                                          Thomas H. Riske # 6301953 (IL)
                                                          120 South Central Avenue, Suite 1800
                                                          St. Louis, Missouri 63105
                                                          (314) 854-8600 Telephone
                                                          (314) 854-8660 Facsimile
                                                          dps@carmodymacdonald.com
                                                          thr@carmodymacdonald.com

                                              *Attorney(s) for Defendant*

## **CERTIFICATE OF SERVICE**

     The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing on this 31st day of January, 2025, upon all counsel of record.

                                                          */s/ Thomas H. Riske*