UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| XANITOS, INC. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:23-CV-02339-DWD |
| | ) | |
| AMERICAN HEALTHCARE SYSTEMS ILLINOIS, LLC | ) ) | |
| | ) | |
|     Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO ENFORCE SETTLEMENT**

COMES NOW Defendant American Healthcare Systems Illinois, LLC ("AHS") by and through its undersigned counsel, and for its Response to Plaintiff Xanitos, Inc.'s ("Xanitos") Motion to Enforce Settlement ("Motion"), and in support thereof states as follows:

1. The Court should deny the Motion at this time, because the Parties never arrived at final terms and the unforeseen fires in Los Angeles have impaired AHS's ability to make the contemplated payments on Xanitos' proposed schedule.

2. Nowhere attached to Xanitos' motion is any agreement signed by AHS. Rather, Xanitos attaches correspondence among counsel in which Xanitos' attorney says that Xanitos is willing to accept certain payment terms and further provides that she will take the first pass at drafting a mutually agreeable release. (Doc. No. 58-1.)

3. Indeed arriving at a mutually agreeable release was always a condition precedent to performance of the settlement by either side, and the Parties simply have not arrived at terms that are mutually agreeable.

4. Instead, the terms that Xanitos proposed for the release are so onerous and one-sided that AHS could not possibly agree to them. For example, pursuant to the terms in Section

3.0, titled "Breach," Xanitos would have been entitled to a consent judgment in the full amount of $804,996.90 even if AHS was just one day late on making the final payment—meaning Xanitos stood to potentially obtain a double recovery of the amount it claims to be owed.

5. AHS's concerns about these painfully one-sided proposed terms were proven tragically justified when massive fires in Los Angeles (where AHS is headquartered) caused logistical and financial difficulties for AHS. Significantly, it has cut in half the pool of available capital needed for emergency expenses, leaving it in a precarious situation that would have almost certainly resulted in a *technical* default and potential double-recovery for Xanitos had the release agreement been executed as drafted by Xanitos.

6. It was never agreed among the parties that AHS would be required to make payments without even knowing the final terms of the release it was buying or whether it could potentially expose AHS to effectively double-liability for a technical failure to pay on time. Needless to say, that is also a material issue for the agreement.

7. However, AHS is willing to work with Xanitos to arrive at a mutually agreeable release with provisions and terms that would allow both parties to perform on a reasonable timeline.[1]

WHEREFORE, Defendant American Healthcare Systems Illinois, LLC respectfully asks the Court to deny the Motion to Enforce Settlement (Dkt. 58), and for such other relief as the Court deems proper and just.

---

[1] Since filing the Motion for Extension of Time, counsel for AHS has been able to communicate effectively with AHS in a way that was not happening before AHS had the additional time to recover somewhat from the fires.

2

Dated: March 3, 2025

                                                    Respectfully submitted,

CARMODY MACDONALD PC

By:    */s/ Thomas H. Riske*
       David P. Stoeberl, # 6301953 (IL)
       Thomas H. Riske # 6301953 (IL)
       120 South Central Avenue, Suite 1800
       St. Louis, Missouri 63105
       (314) 854-8600 Telephone
       (314) 854-8660 Facsimile
       dps@carmodymacdonald.com
       thr@carmodymacdonald.com

*Attorney(s) for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing on this 3rd day of March, 2025, upon all counsel of record.

                                                   */s/ Thomas H. Riske*