**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| XANITOS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-cv-02339-DWD |
| v. ) | |
| ) | |
| AMERICAN HEALTHCARE SYSTEMS, ) | |
| ILLINOIS, LLC, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF XANITOS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO ENFORCE SETTLEMENT [DOC. 58]**

COMES NOW Plaintiff Xanitos, Inc. ("Xanitos") by and through undersigned counsel, and for its Reply[1] in Support of its Motion to Enforce Settlement, hereby states as follows:

I. **BACKGROUND AND SUMMARY**

On December 9, 2024, Plaintiff and Defendant American Healthcare Systems ("AHS"), (collectively the "Parties") entered into a settlement agreement. [Doc. 58-1]. The settlement agreement involved the following terms:

a.  $650,000 total resolution to be paid by Defendant to Plaintiff with the following payment schedule:

   i.  $450,000 paid by December 31, 2024;

   ii. $50,000 paid by January 31, 2025;

   iii. $50,000 paid by February 28, 2025;

   iv. $50,000 paid by March 31, 2025; and

   v.  $50,000 paid by April 30, 2025.

---

[1] Pursuant to local rule 7.1(a)(4) while Reply briefs are not favored, they may be filed only in exceptional circumstances. Exceptional circumstances exist here because Defendant misstates both the law and evidence.

[Doc. 58-1].

Defendant now seeks to go back on that settlement agreement by asking this Court to apply contract law principles inconsistent with Illinois law. Defendant erroneously claims that a release is required for a settlement agreement to be enforceable while also claiming it cannot pay on the settlement agreement due to financial hardship. Not only are signed releases not required for a contract to be binding, but Defendant has pointed to no case law in support of its position. Defendant further argues that the release proposed by Plaintiff contains material and onerous terms. However, Illinois courts have held the additional terms proposed by Plaintiff to not be material. Finally, Defendant's financial hardship argument is unsubstantiated by the evidence.

Plaintiff's Motion to Enforce Settlement should be granted and the settlement agreement enforced because it is undisputed that a contract was entered into and Defendant has now breached that contract.

## II. ARGUMENT

### A. The Settlement Agreement is Not Contingent on a Release

Defendant claims that a settlement agreement was not entered into because the Parties never arrived at final terms. While no release was executed, a settlement agreement was undoubtedly entered, as shown in the emails where AHS's counsel confirmed the payment terms on December 9, 2024 [Doc. 58-1], asked for wiring instructions to make the first payment on December 27, 2024 [Doc. 58-3] and advised that he had sent his client a release with minor revisions on January 8, 2025 [Doc. 61-1.]

Defendant points to the fact that there was no "agreement signed by AHS." However, as this Court knows, a signed agreement is not required for a settlement. Rather, all that is required is an offer, acceptance, and a meeting of the minds on all material terms. 483 F.3d at 507; *Artuk,*

*Inc. v. AKT Corporation*, 2014 U.S. Dist. LEXIS 108793, 2014 WL 3895920, at *4 (N.D. Ill. Aug. 7, 2014). A meeting of the minds occurs "where there has been assent to the same things in the same sense on all essential terms and conditions." *IMI Norgren, Inc., v. D & D Tooling Mfg., Inc.*, 306 F. Supp.2d 796, 802 (N.D. Ill. 2004). Here, there is no dispute that a settlement agreement was entered into or that the material and essential terms were agreed upon: Defendant made an offer, that offer was accepted in writing by Plaintiff on December 9, 2024 and Defendant confirmed that they had an agreement the same day. The email contains the material terms, i.e., the payment terms, which are outlined in greater detail in Plaintiff's Motion to Enforce [Doc. 58.]

Defendant also claims that "arriving at a mutually agreeable release was always a condition precedent to performance of the settlement by either side, and the Parties simply have not arrived at terms that are mutually agreeable." However, Defendant points to no case law in support of this proposition and attaches no documentation in support of this argument.

The emails undoubtedly show a settlement agreement, despite no release being executed yet. Further, just because a release was not agreed upon, does not mean that the material terms were not agreed upon and a settlement agreement was entered.

### B. "Onerous" Payment Terms are Not Material to the Settlement Agreement

Defendant next claims that "the terms that Xanitos proposed for the release are so onerous and onesided that AHS could not possibly agree to them." [Doc. 64, ¶ 4.] However, this argument is without merit. As outlined above, counsel for Defendant stated that he had sent his client the release with ***"hopefully nothing controversial"*** revisions on January 8, 2025 [Doc. 61-1.][2]

---

[2] Defendant claims that "pursuant to the terms in the proposed release, Xanitos would have been entitled to a consent judgment in the full amount of $804,996.90 even if AHS was just one day late on making the final payment—meaning Xanitos stood to potentially obtain a double recovery of the amount it claims to be owed." It is worth noting that despite Defendant claiming multiple times in its Motion that this number is "effectively double" what the parties agreed upon, $804,996.90 is not double $650,000.

Defendant further argues that this is a material term of the settlement agreement. However, Illinois courts have held that "what happens if there is a default on the settlement agreement—does not appear, under Illinois law, to be a material term." *Rose v. Mavrakis*, 343 Ill. App. 3d 1086, 799 N.E.2d 469, 475, 278 Ill. Dec. 751 (Ill. App. Ct. 2003). Illinois Courts also hold that after an agreement is reached, the introduction of new proposed terms will not undermine the already-formed agreement. *Dillard v. Starcon Int'l*, 483 F.3d 502, 508 (7th Cir. 2007).

Again, while no release was executed, a settlement agreement was undoubtedly entered with material terms. AHS's counsel—as AHS's agent—confirmed the material payment terms on December 9, 2024. [Doc. 58-1].

### C. Los Angeles Fires

The argument that Defendant cannot make payments pursuant to the parties' agreement is again a red herring. First, the Los Angeles fires did not even begin until January 7, 2025[3]—over a week after the first payment was due under the parties' agreement. Second, Defendant has pointed to no case law or other authority that supports the proposition that this fire can thwart its obligations under a binding contract. Third, Defendant is an Illinois corporation and is incorporated in the State of Illinois. Its parent corporation, according to its Corporate Disclosure Statement pursuant to Rule 7.1, is American Healthcare Systems Corp., Inc., but that entity is not a party to this action so it is unclear why that has anything to do with the company that is in this suit and is domiciled in Illinois.

### III.  CONCLUSION

As outlined in Plaintiff's Motion to Enforce Settlement, the Court has inherent or equitable power to enforce a settlement agreement in a case pending before it. *Wilson v. Wilson*, 46 F.3d

---

[3]https://en.wikipedia.org/wiki/Palisades_Fire#:~:text=The%20fire%20was%20first%20reported,h)%20at%206:30%20p.m.; https://www.cbsnews.com/news/what-we-know-about-start-of-palisades-fire-los-angeles/

660, 664 (7th Cir. 1995). There is no dispute that a contract (offer, acceptance, meeting of the minds) was entered into as to all material terms. Defendant's arguments are unsupported by the evidence and inconsistent with Illinois law. Specifically, a signed release is not required for a contract to be enforceable, the proposed release does not negate the material terms of the settlement agreement, and Defendant's financial hardship argument is unsubstantiated and unfounded. As such, the Court should enforce the settlement agreement between the parties and order Defendant to comply with the settlement agreement by executing the settlement release and making the payments in accordance with the settlement agreement outlined in [Doc. 58-1.]

WHEREFORE, Plaintiff Xanitos, Inc. hereby requests this Court GRANT its Motion to Enforce Settlement [Doc. 58], and for all such further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Jonathan B. Morrow
Jonathan B. Morrow IL # 6291832
Killian R. Walsh IL #6328908
319 N. 4th Street, Suite 300
St. Louis, MO 63102
Telephone: (314) 690-4757
Facsimile: (816) 396-6233
Email: jmorrow@knightnicastro.com
walsh@knightnicastro.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of March 2025 the foregoing was electronically filed using the Court's Electronic Filing System, which will send notice of electronic filing to all registered attorneys of record.

/s/ Jonathan B. Morrow