**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| XANITOS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:23-cv-02339-DWD |
| v. ) | |
| ) | |
| AMERICAN HEALTHCARE SYSTEMS, ) | |
| ILLINOIS, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO SERVE PRE-TRIAL DISCLOSURES OUT OF TIME

Plaintiff Xanitos, Inc., by and through undersigned counsel, for its Motion to serve its pre-trial disclosures out of time:

1. This matter is set for a bench trial on November 3, 2025.

2. Pursuant the Rule 26(a)(3), parties are to file their Pre-Trial disclosures 30 days prior to trial and at least 21 days before the final pretrial conference per this Court's Order dated November 13, 2024.

3. Pursuant to Rule 37(c)(1) [i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also Johnson v. C. R. Bard, Inc.*, 77 F.4th 641, 646 (7th Cir. 2023).

4. Plaintiff failure to file its Rule 26(a)(3) pre-trial disclosures at the deadline of was **both** harmless and substantially justified.

5. The failure was harmless because the witnesses and exhibits identified in Plaintiff's 26(a)(3) disclosures are **identical** to those identified in its 26(a)(1) disclosures.

6. The only witness Plaintiff is bringing to trial is Edward Crothall. Not only was Mr. Crothall listed in Plaintiff's Rule 26(a)(1) disclosures that were served on Defendant October 9, 2024, but he also testified at the arbitration that was held in August 2024 where Defendant's counsel was present.

7. Further, the only exhibits Plaintiff intends to use at trial are the exhibits listed in Plaintiff's Rule 26(a)(1) disclosures that were served on Defendant October 9, 2024 and again, that were utilized at the August 2024 arbitration.

8. The seventh circuit has indicated that the following factors should guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 857 (7th Cir. 2003) (*citing Bronk v. Ineichen*, 54 F.3d 425, 428 (7th Cir. 1995) (*citing Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1245 (7th Cir. 1982)); *see also Woodworker's Supply, Inc.*, 170 F.3d at 993).

9. There is no prejudice or surprise. Again, the only individual that Plaintiff is bringing to trial is listed on Plaintiff's Rule 26(a)(1) disclosures that were served on Defendant October 9, 2024. The exhibits Plaintiff is bringing to trial are listed on Plaintiff's Rule 26(a)(1) disclosures that were served on Defendant October 9, 2024.

10. Virtually nothing has changed from the 26(a)(1) disclosures to the proposed 26(a)(3) disclosures, attached hereto as Exhibit A.

11. This late disclosure will not disrupt the trial because these witnesses and exhibits were already contemplated for their use trial. Again, these witnesses and exhibits were disclosed and/or produced in October 2024. The parties also had an arbitration in August 2024 where the

only witness, Edward Crothall, testified. He will be the only witness at trial for Plaintiff.

12. Mr. Crothall was also listed in the disclosures.

13. Finally, the exhibits Plaintiff intends to use at trial were produced to Defendant on August 2, 2024 prior to the arbitration and were identified in Plaintiff's 26(a)(1) disclosures that were sent on October 9, 2024. (See Email, attached hereto as Exhibit D).

14. As outlined in greater detail below, there is no bad faith or willfulness involved in not serving these disclosures earlier. Rather, it was based on a misunderstanding between the parties that this matter would settle and that they were working together. There is also no bad faith or willfulness involved in any non-disclosure because the evidence and witnesses were already disclosed back in October 2024.

15. Finally, there is **no prejudice**. These witnesses and exhibits were disclosed in August 2024 and again in October 2024 and Defendant has had over a year to review and prepare for trial based on the prior disclosures.

16. The failure was also substantially justified because the Parties have been diligently working to resolve this matter, including having meaningful settlement discussions as recently as Friday of last week (10/17/25) and today.

17. Hoping to resolve this matter prior to trial and getting very close to doing so, the parties had held off on serving their pre-trial disclosures and doing other significant pre-trial preparation.

18. Specifically, Jonathan Morrow, counsel for Plaintiff, and Tom Riske, counsel for Defendant, were actively discussing settlement and it was Mr. Morrow's good faith belief based on his conversations with Mr. Riske that the parties would be flexible on the disclosures, especially considering neither party would be disclosing any new information. (See Email Chain, attached

hereto as Exhibit B).

19. Mr. Riske also agreed to acknowledge that this Motion was ready to file Friday but the parties were conferring and he was going to discuss internally. (See Email Chain, attached hereto as Exhibit C).

20. The District Court has discretion to allow the parties leave to file or serve their disclosures out of time. Such discretion is warranted here because there is no prejudice, no bad faith, no willing disregard for the Court's order or for Defendant's time, and this will not disrupt the trial.

21. In *Kugler v. Scott*, No. 24-2456, 2025 U.S. App. LEXIS 25194, at *1 (7th Cir. Sep. 29, 2025) the plaintiff argued that the district court should have prohibited the defendants from relying on the Kingston Report because they failed to disclose Dr. Kingston as an expert under Rule 26. The trial court determined that any Fed. R. Civ. P. 26 violation committed by the defendant was harmless because: (1) the plaintiff had notice of Dr. Kingston and his report from the 2021 initial disclosures; (2) the detention officials re-disclosed the report in February 2024; (3) the district court gave the plaintiff an opportunity to respond to the report; and (4) the plaintiff neither challenged the report's substance nor requested time to secure his own expert, despite having previously obtained extensions for similar purposes. *Id*. See also *Saldaña v. County of Cook*, No. 19-cv-6178, 2022 U.S. Dist. LEXIS 133365, at *6 (N.D. Ill. July 27, 2022) (holding that a late expert disclosure was harmless because the defendant was not prejudiced. The court did not analyze whether it was substantially justified.)

22. The proposed Pre-trial disclosures are attached hereto as Exhibit A.

WHEREFORE Plaintiff Xanitos, Inc. respectfully requests this Court grant it leave to serve and file its Rule 26(a)(3) Disclosures out of time, and for all such further relief as this Court deems

just and proper.

                                            Respectfully submitted,

                                            /s/ Jonathan B. Morrow
                                            Jonathan B. Morrow IL #6291832
                                            Killian R. Walsh IL #6328908
                                            319 N. 4th Street, Suite 300
                                            St. Louis, MO 63102
                                            Telephone: (314) 690-4757
                                            Facsimile: (816) 396-6233
                                            Email: jmorrow@knightnicastro.com
                                                        walsh@knightnicastro.com
                                            **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I HEREBY certify that on this 20th day of October, 2025, I electronically filed the above and foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                            */s/ Jonathan B. Morrow*